FILED
CLERK, U.S. DISTRICT COURT
4/29/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CD___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MARIA GUZMAN PARRA,<br><br>　　　　Defendant. | CR 2:22-cr-00176-DMG<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1344(1): Bank Fraud;<br>18 U.S.C. § 1028A(a)(1):<br>Aggravated Identity Theft;<br>18 U.S.C. § 982: Criminal<br>Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH SEVENTEEN

[18 U.S.C. § 1344(1)]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. Bank 1 was a financial institution that the Federal Deposit Insurance Corporation insured.

2. Defendant MARIA GUZMAN PARRA was an Assistant Manager at Bank 1, and worked at Bank 1 in Alhambra, California..

3. Defendant PARRA was a resident of Alhambra, California.

4. V.L.B. had a bank account at Bank 1 (the "V.L.B. account").

5. M.T.W. had a bank account at Bank 1 (the "M.T.W. account").

6. G.C.N. had a bank account at Bank 1 (the "G.C.N. account").

7. P.G. had a bank account at Bank 1 (the "P.G. account").

8. J.D.G. had a bank account at Bank 1 (the "J.D.G. account").

9. L.M.V. had a bank account at Bank 1 (the "L.M.V. account").

10. M.L.L. had a bank account at Bank 1 (the "M.L.L. account").

11. N.G. had a bank account at Bank 1 (the "N.G. account").

12. F.H. had a bank account at Bank 1 (the "F.H. account").

13. G.P. had a bank account at Bank 1 (the "G.P. account").

14. J.A. had a bank account at Bank 1 (the "J.A. account").

15. For tax year 2016, the Internal Revenue Service ("IRS") issued a tax refund check to victim taxpayer R.B.J. in the amount of $4,778 (the "R.B.J. refund check").

16. For tax year 2016, the IRS issued a tax refund check to victim taxpayer S.L.M. in the amount of $5,996 (the "S.L.M. refund check").

17. For tax year 2016, the IRS issued a tax refund check to victim taxpayer D.N.M. in the amount of $4,711 (the "D.N.M. refund check").

18. For tax year 2016, the IRS issued a tax refund check to victim taxpayer J.A.B. in the amount of $5,483 (the "J.A.B. refund check").

19. For tax year 2016, the IRS issued a tax refund check to victim taxpayer J.S. in the amount of $3,531 (the "J.S. refund check").

20. For tax year 2016, the IRS issued a tax refund check to victim taxpayers S.A.A. and H.T. in the amount of $5,641 (the "S.A.A.-H.T. refund check").

21. For tax year 2016, the IRS issued a tax refund check to victim taxpayers I.C. and S.E.A. in the amount of $5,048 (the "I.C.-S.E.A. refund check").

22. For tax year 2016, the IRS issued a tax refund check to victim taxpayers L.J.F. and N.S.F. in the amount of $5,672 (the "L.J.F.-N.S.F. refund check").

23. For tax year 2016, the IRS issued a tax refund check to victim taxpayers E.C.M. and G.C. in the amount of $6,369 (the "E.C.M.-G.C. refund check").

24. For tax year 2016, the IRS issued a tax refund check to victim taxpayers A.H. and L.H. in the amount of $5,621 (the "A.H.-L.H. refund check").

25. For tax year 2016, the IRS issued a tax refund check to victim taxpayer M.A.V. in the amount of $1,568 (the "M.A.V. refund check").

26. For tax year 2016, the IRS issued a tax refund check to victim taxpayer K.M.V. (together with R.B.J., S.L.M., D.N.M., J.A.B., J.S., S.A.A., H.T., I.C., S.E.A., E.C.M., G.M., L.K.F., N.S.F., A.H., L.H., and M.A.V., collectively, "the victim taxpayers") in the amount of $1,548 (the "K.M.V. refund check").

B.   THE SCHEME TO DEFRAUD

27. Beginning on a date unknown, but no later than in or about October 2016, and continuing through at least in or about June 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendant PARRA, and others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised and executed a scheme to defraud Bank 1 as to something of value.

28. The fraudulent scheme operated, and was carried out, in substance, in the following manner:

    a. Defendant PARRA would obtain stolen and unlawfully acquired IRS refund checks that were issued to the victim taxpayers.

    b. Defendant PARRA would use her position as an Assistant Manager and her supervisor identification number ("SID") to negotiate, that is, cash, the stolen and unlawfully acquired IRS refund checks -- which were fraudulently endorsed with the victim taxpayers' signatures -- against certain accounts held at Bank 1, including the V.L.B., M.T.W., G.C.N., P.G., J.D.G., L.M.V., M.L.L., N.G., F.H., and G.P. accounts, knowing that she did not have authorization from the victim taxpayers or the account holders.

    c. Defendant PARRA would keep, for her personal benefit, at least a percentage of the resulting cash that defendant PARRA obtained from negotiating the stolen and unlawfully acquired IRS refund checks issued to the victim taxpayers.

    d. Defendant PARRA would use her SID to fraudulently withdraw funds from the J.A. account, knowing that she did not have J.A.'s authorization.

    e. Defendant PARRA would deposit a portion of the proceeds of the fraudulent scheme to her personal checking account at Bank 1.

    f. In total, through this fraudulent scheme, defendant PARRA obtained approximately $95,464 from the accounts of account holders at Bank 1, to which she was not entitled.

C. EXECUTION OF THE FRAUDULENT SCHEME

29. On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant

PARRA committed and willfully caused others to commit the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DATE | ACT |
|---|---|---|
| ONE | 10/31/2016 | Withdrawal of $5,000 from the J.A. account in Alhambra, California. |
| TWO | 11/16/2016 | Withdrawal of $10,000 from the J.A. account in Alhambra, California. |
| THREE | 11/26/2016 | Withdrawal of $3,000 from the J.A. account in Alhambra, California. |
| FOUR | 12/3/2016 | Withdrawal of $5,000 from the J.A. account in Alhambra, California. |
| FIVE | 12/20/2016 | Withdrawal of $16,498.48 from the J.A. account in Alhambra, California. |
| SIX | 3/30/2017 | Negotiation of the R.B.J. refund check against the V.L.B. account in Alhambra, California. |
| SEVEN | 3/31/2017 | Negotiation of the S.L.M. refund check against the M.T.W. account in Alhambra, California. |
| EIGHT | 3/31/2017 | Negotiation of the D.N.M. refund check against the G.C.N. account in Alhambra, California. |
| NINE | 4/24/2017 | Negotiation of the J.A.B. refund check against the P.G. account in Alhambra, California. |
| TEN | 4/24/2017 | Negotiation of the J.S. refund check against the P.G. account in Alhambra, California. |
| ELEVEN | 4/29/2017 | Negotiation of the S.A.A.-H.T. refund check against the J.D.G. account in Alhambra, California. |
| TWELVE | 5/5/2017 | Negotiation of the I.C.-S.E.A. refund check against the L.M.V. account. |

| COUNT | DATE | ACT |
|---|---|---|
| THIRTEEN | 5/5/2017 | Negotiation of the L.J.F.-N.S.F. refund check against the M.L.L. account in Alhambra, California. |
| FOURTEEN | 5/25/2017 | Negotiation of the E.C.M.-G.C. refund check against the N.G. account in Alhambra, California. |
| FIFTEEN | 5/26/2017 | Negotiation of the A.H.-S.H. refund check against the F.H. account in Alhambra, California. |
| SIXTEEN | 6/9/2017 | Negotiation of the M.A.V. refund check against the G.P. account in Alhambra, California. |
| SEVENTEEN | 6/9/2017 | Negotiation of the K.M.V. refund check against the G.P. account in Alhambra, California. |

COUNT EIGHTEEN

[18 U.S.C. §§ 1028A(a)(1), 2(b)]

30. The Grand Jury re-alleges paragraphs 1 through 27 of this Indictment here.

31. On or about May 5, 2017, in Los Angeles County, within the Central District of California, defendant MARIA GUZMAN PARRA knowingly possessed and used, and willfully caused to be possessed and used, without lawful authority, means of identification that defendant PARRA knew belonged to other persons, namely, the names of victims L.J.F. and N.S.F., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(1), as charged in Count Thirteen of this Indictment.

## COUNT NINETEEN

[18 U.S.C. §§ 1028A(a)(1), 2(b)]

1. The Grand Jury re-alleges paragraphs 1 through 27 of this Indictment here.

2. On or about May 25, 2017, in Los Angeles County, within the Central District of California, defendant MARIA GUZMAN PARRA knowingly possessed and used, and willfully caused to be possessed and used, without lawful authority, means of identification that defendant PARRA knew belonged to other persons, namely, the names of victims E.C.M. and G.C., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(1), as charged in Count Fourteen of this Indictment.

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Nineteen of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

//

//

been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                                      A TRUE BILL

                                                      /S/
                                                  Foreperson

TRACY L. WILKISON
United States Attorney

[signature]

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

GREGORY BERNSTEIN
Assistant United States Attorney
Major Frauds Section